14-403-cv(L)
Sawabeh Information Services Company v. Eagle

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         RAYMOND J. LOHIER, JR.,
                    <u>Circuit Judges</u>,
         FRANK P. GERACI, JR.,[*]
                    <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - -X

SAWABEH INFORMATION SERVICES COMPANY,
EDCOMM, INC.,
         <u>Plaintiffs-Appellees-Cross-
         Appellants</u>,

         -v.-                                    14-403-cv(L)
                                                 14-610-cv(XAP)

LINDA EAGLE, DAVID SHAPP, CLIFFORD
BRODY,

---

[*]     Chief Judge Frank P. Geraci, Jr., of the United States District Court for the Western District of New York, sitting by designation.

1

**Defendants-Appellants-Cross-Appellees**.[**]

- - - - - - - - - - - - - - - - - - - - -X

**FOR PLAINTIFFS:**          PHILIP R. BERWISH, Berwish Law, New York, New York.

**FOR DEFENDANTS:**          DAVID SHAPP, pro se (Linda Eagle, pro se, New York, New York, Clifford Brody, pro se, Ambler, Pennsylvania, on the brief), Buckingham, Pennsylvania.

Appeal from a judgment of the United States District Court for the Southern District of New York (Scheindlin, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED IN PART AND REVERSED IN PART.**

The parties cross-appeal from the judgment of the United States District Court for the Southern District of New York (Scheindlin, J.), which: requires defendants to indemnify Sawabeh Information Services Company ("SISCOM") for any judgment entered in a related state court action; declares that Edcomm, Inc. ("Edcomm") owns certain intellectual property; and dismisses with prejudice the parties' remaining claims and counterclaims.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"In reviewing a district court's decision in a bench trial, we review the district court's findings of fact for clear error and its conclusions of law de novo."  White v. White Rose Food, a Div. of DiGiorgio Corp., 237 F.3d 174, 178 (2d Cir. 2001).

In all respects but one, we affirm the judgment for the reasons set forth by the district court.

---

[**]    The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

The district court erroneously concluded that defendants breached their fiduciary duty to SISCOM by failing to disclose a series of loans from Debra Slater (the "Slater Loans"). The court's factual findings are not clearly erroneous; the error is in the legal analysis. Under New York law, "[t]he elements of a claim for breach of a fiduciary obligation are: (i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom." Johnson v. Nextel Commc'ns, Inc., 660 F.3d 131, 138 (2d Cir. 2011).

The district court found that defendants (former directors and shareholders of Edcomm) entered into a fiduciary relationship with SISCOM[1] when SISCOM acquired Edcomm. But by that point, it was already too late for SISCOM to avoid any loss or potential liability arising out of the Slater Loans; SISCOM became liable for those loans, if at all, upon its acquisition of Edcomm. To the extent that defendants breached a fiduciary duty by failing to disclose the loans *after* the acquisition, there were no "damages resulting therefrom" because any injury to SISCOM resulted from defendants' failure to disclose the Slater Loans *before* the acquisition, when defendants did not yet owe SISCOM a fiduciary duty. On the facts found by the district court, SISCOM's claim fails as a matter of law.

For the foregoing reasons, and finding no merit in the parties' other arguments, we hereby **AFFIRM** the judgment of the district court, except as to SISCOM's breach of fiduciary duty claim. We **REVERSE** the portion of the judgment requiring defendants to indemnify plaintiffs for any judgment entered in the state court litigation concerning the Slater Loans.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] The district court correctly dismissed *Edcomm*'s breach of fiduciary duty claim.

3